NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1084
_____

LYNN K. CHRISTIAN,
Appellant

v.

HONEYWELL RETIREMENT BENEFIT PLAN
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civ. Action No. 2-13-cv-04144)
District Judge: Honorable Nitza I. Quinones Alejandro
_____

Submitted Under Third Circuit LAR 34.1(a)
September 12, 2014
_____

Before: RENDELL, GREENAWAY, JR., and SLOVITER, *Circuit Judges*.

(Opinion Filed:  November 12, 2014 )

_____

OPINION*
_____

---

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

GREENAWAY, JR., *Circuit Judge*.

Appellant Lynn Christian ("Christian") appeals the District Court's dismissal of her complaint as time-barred on the face of the complaint. The focus of Christian's appeal is the accrual date of her cause of action to recover retirement benefits from her deceased husband's company plan. We must determine whether her cause of action accrued in 2004, and is now time-barred, or whether the accrual date was tolled until 2012 when Christian discovered the "Waiver of Joint and Surviving Spouse Annuity" (the "Waiver"). We conclude that the District Court correctly found that Christian's cause of action is time-barred. We will affirm the District Court.

## I. FACTS

Christian seeks survivor retirement benefits that she asserts should have been paid to her by Appellee, the Honeywell Retirement Plan (the "Plan").

Christian's late husband, Howard F. Christian ("Mr. Christian"), worked for Honeywell, which sponsored the Plan. Mr. Christian was a participant in the Plan and began receiving Plan benefits upon his retirement in January 1987. The Plan distributed Mr. Christian's retirement benefits in the form of a single life annuity, in reliance on the Waiver.[1] Christian now asserts that she did not sign or consent to the Waiver.

Mr. Christian continued to receive a monthly pension benefit from the Plan until his death in 2004. After her husband's death, Christian contacted the Plan Administrator,

---

[1] This selection resulted in (1) Mr. Christian receiving a larger benefit than he would have received had the joint and survivor spouse annuity been chosen and (2) no survivor benefits to Christian.

Hewitt Associates, LLC ("Hewitt"). Christian was advised that Mr. Christian's retirement benefits would end. At no time, however, did the Plan's representatives advise Christian about the Waiver, or that absent such a waiver, she would be entitled to annuity benefits.

Around June 2012, Christian located a file containing a copy of the Waiver that had purportedly been signed by her on December 1, 1986. The Waiver provided the basis for cessation of Mr. Christian's retirement benefits upon his death.

After she discovered the Waiver, Christian contacted the Plan to contest the validity of the Waiver. Christian submitted a formal claim for benefits pursuant to the Plan's claim procedures. The Plan denied her initial claim and her appeal.[2]

## II. Discussion

The parties agree that Pennsylvania's four-year statute of limitations applies, 42 Pa Const. Stat. § 5525(a)(8), but dispute the relevant date of accrual.

In the ERISA context, a non-fiduciary cause of action will generally accrue when a party's claim for benefits has been formally denied. *See Romero v. Allstate Corp.*, 404 F.3d 212, 222 (3d Cir. 2005). Under the "clear repudiation" rule, however, an "event

---

[2] The District Court had jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(a)(1)(B) of ERISA. This Court has jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a grant of a motion to dismiss. *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 452 (3d Cir. 2006). When considering an appeal from a Rule 12(b)(6) dismissal, our review is limited to "the contents of the complaint and any attached exhibits." *Yarris v. Cnty. of Del.*, 465 F.3d 129, 134 (3d Cir. 2006) (citing *Kulwicki v. Dawson*, 969 F.2d 1454, 1462 (3d Cir. 1992)). We accept as true all well-pled allegations in the complaint and draw all reasonable inferences in favor of the non-moving party. *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002).

other than a denial" can trigger the statute of limitations, "as long as it is (1) a repudiation (2) that is clear and made known to the beneficiary." *Miller v. Fortis Benefits Ins. Co.*, 475 F.3d 516, 521 (3d Cir. 2007). "Under this rule, a statute of limitations begins to run when a plaintiff discovers or should have discovered the injury that forms the basis of his claim." *Id.* at 520 (citing *Romero*, 404 F.3d at 222).

The District Court correctly determined that Christian's claim for benefits accrued in July 2004 when the Plan benefits were discontinued. Regarding the first requirement under *Miller*, the total cessation of benefit payments to Mr. Christian was a clear repudiation because it was a full termination of benefits. *See* 29 C.F.R. § 2560.503-1(m)(4) (defining "adverse benefit determination" to include "a denial, reduction, or termination of, or a failure to provide or make payment (in whole or in part ) for, a benefit")). Like a denial of benefits, the total cessation of benefit payments is adverse to the beneficiary and therefore repudiates his rights under a plan.

Under *Miller*'s second requirement, repudiation by the cessation of benefit payments should ordinarily be made known to the beneficiary when they do not receive the payment to which they allege they are entitled. *Cf. Miller*, 475 F.3d at 522 (repudiation should have been clear to beneficiary when he first received a miscalculated benefit award). Here, Christian spoke with the Plan's representatives after her husband's death and was informed that all benefits would be terminated. Thus, the termination of Plan benefits was clear and made known to Christian. *Id.* at 521.

Christian's claim that she was unaware of her legal entitlement to receive survivor benefits until she found the Waiver cannot save her claim. When Christian became

4

aware of the cessation of Plan benefits in 2004, she "should [have] exercise[d] reasonable diligence" to find out if she had a claim for survivor annuity benefits. *Id.* at 522. Under such circumstances, where there was an outright repudiation at the time of Mr. Christian's death, it was reasonable to expect that the statute of limitations would begin to run at that point. Accordingly, Christian's claim was time-barred when she filed her complaint.

## III. CONCLUSION

For the reasons discussed above, we will affirm the judgment of the District Court.